IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : | |
| AT&T Bellsouth | : : | **COMPLAINT** |
| Defendant. | : : | JURY TRIAL REQUESTED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Acts of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Mr. Mathew S. Martin ("Martin"), who was adversely affected by such practices. The employer failed to provide Martin with a reasonable accommodation, and terminated or otherwise constructively discharged him from his position as a Premise Technician because of his religious beliefs in violation of Title VII.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant AT&T Bellsouth ("Defendant") has continuously been doing business in the State of Georgia and the City of Dallas and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Martin filed his charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 10, 2008, Defendant has engaged in unlawful employment practices at its Dallas, Georgia facility in violation of Section 703(a)(1) and (d) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (d), by refusing to provide Martin with a reasonable accommodation for his religious beliefs, and by terminating him because of his religious beliefs or, in the alternative, constructively discharged him, in violation of Title VII.

8. On or about May 25, 2008, Defendant hired Martin as a Premise Technician in Dallas, Georgia.

9. Martin is a Christian and a member of the Church of Christ. It is Martin's religious conviction to attend church services every Sunday morning. Specifically, Martin could not work between 9:30 a.m. and 1:30 p.m. on Sundays.

10. Martin had not been scheduled for a Sunday shift because he, as of on

or about July 1, 2008, was in Defendant's training program which was scheduled Monday through Friday. Nevertheless, because of Martin's sincerely held beliefs about attending church services, he approached Mike Taylor, his supervisor, later that day and verbally requested that he not be scheduled for Sunday mornings.

11. Taylor contacted Benjamin Carroll, Area Manager ("Carroll"), and informed him of Martin's request. Later that same day, Taylor informed Martin that his request was denied.

12. After receiving the denial, Martin sent Carroll an e-mail in which he explained why he believed the aforementioned denial should be reconsidered and that his belief was a sincere one.

13. Carroll responded by providing a detailed account of all of the occasions that Martin was informed of the company's scheduling policies. He informed Martin that he could not "make a Sunday morning exception for every technician, so I will not make it for any."

14. Carroll, in addition to the remarks he made to Martin in paragraph 13, wrote to Martin that "It *has been* a pleasure to work with you. . . . It appears that this role is not a fit for your needs. . . If there is anything else I can do to help you secure other opportunities, please let me know at your convenience." (emphasis added.)

15. After receiving the e-mail from Carroll, Martin informed Taylor about Carroll's statement that he, Martin, should seek other opportunities. Taylor instructed Martin to put a resignation letter on his desk and make it effective for that day. Martin did as he was instructed and submitted a resignation letter.

16. The email from Carroll and Taylor's instruction to Martin to submit a resignation letter constitutes a termination of Martin's employment by Defendant on the basis of religion or, in the alternative, a constructive discharge.

17. The effects of the practices complained of in paragraphs 8-16 above have been to deprive Martin of equal employment opportunities and otherwise adversely affect his status as an employee because of his religious beliefs.

18. The unlawful employment practices complained of in paragraphs 8-16 above were intentional.

19. The unlawful employment practices complained of in paragraphs 8-16 above were carried out with malice and/or reckless indifference to the federally protected rights of Martin.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of religion by subjecting individuals who request reasonable accommodations for religious beliefs to adverse employment actions in violation of Title VII.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who request reasonable accommodations of their religious beliefs under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Martin, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant to make Martin whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.	Order Defendant to make whole Martin by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.	Order Defendant to pay Martin punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.	Grant such further reliefs as the Court deems necessary and proper.

H.	Award the Commission its costs in this action.

[Jury Trial Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial an all questions of fact raised by its Complaint.

                                                Respectfully submitted,

                                                P. DAVID LOPEZ
                                                General Counsel

                                                JAMES L. LEE
                                                Deputy General Counsel

                                                GWENDOLYN YOUNG REAMS
                                                Associate General Counsel

9/23/2010
Date

                                                Robert K. Dawkins
                                                Regional Attorney
                                                Georgia Bar No. 076206
                                                robert.dawkins@eeoc.gov

Chandra Davis                          Ottrell Edwards
Trial Attorney                           Supervisory Trial Attorney
Georgia Bar No. 141801        Georgia Bar No. 141979
chandra.davis@eeoc.gov        ottrell.edwards@eeoc.gov

                                                U.S. Equal Employment Opportunity Commission
                                                Atlanta District Office
                                                100 Alabama St., SW, Suite 4R30
                                                Atlanta, Georgia 30303
                                                Telephone:  (404) 562-6818
                                                Facsimile:   (404) 562-6905